## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

Geraldine Ann Westlund,                                    Chapter 7
                                                           BKY 15-50046

                              Debtor.

---

Erik A. Ahlgren, Trustee,

                             Plaintiff,                    Adv. No. 15-05016

vs.

Robert Oscar Westlund,

                             Defendant.

---

### NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT
---

Erik A. Ahlgren, attorney for the trustee of the bankruptcy estate, moves the court for the relief requested below and gives notice of hearing.

### NOTICE OF HEARING

1. The court will hold a hearing on this motion at 2:00 p.m. on January 6, 2016 in Courtroom 2, United States Courthouse, 515 W First Street, Duluth, Minnesota.

2. Any response to this motion must be filed and served by delivery or mail not later than, January 1, 2016 which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays), **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

**MOTION**

3. On January 28, 2015, the Debtor filed a petition under chapter 7 of the Bankruptcy Code and was granted an order for relief. The Plaintiff was appointed and is now acting as trustee.

4. The Trustee has commenced this adversary proceeding seeking to avoid certain prepetition transfers as fraudulent conveyances and to recover from the Defendant the value of said transfers under Bankruptcy Rule 7001(1) and 11 U.S.C. §§ 544(b), 548 and 550. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(H).

5. On November 9, 2015, the Trustee filed the adversary complaint seeking the recovery of fraudulent conveyances made by the Debtor to the Defendant (DE#1) and the adversary summons was issued on November 10, 2015 (DE #3).

6. On November 10, 2015, the Trustee caused the adversary summons and complaint to be served upon the Defendant by postage prepaid U.S. Mail addressed to 12477 Northgate Lane, Crosslake, MN 56442 (DE #5). The mailing has not been returned to the Trustee.

7. More than 30 days have now passed since the date the summons was issued and served and the Defendant has filed no answer or other response to the Trustee's complaint. Any answer or response to the complaint would now be untimely under Bankruptcy Rule 7012.

WHEREFORE, the Trustee respectfully requests an order revoking the Defendant's discharge.

Dated: December 14, 2015            Signed:  /e/ Erik A. Ahlgren
                                    Erik A. Ahlgren (Attorney #191814)
                                    Ahlgren Law Office, PLLC

Case 15-05016    Doc 5    Filed 12/14/15    Entered 12/14/15 13:38:24    Desc Main
Document    Page 3 of 12

220 W. Washington Av, Suite 105
Fergus Falls, MN 56537
218-998-2775

Attorney for the Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Geraldine Ann Westlund,                               Chapter 7
                                                     BKY 15-50046

                Debtor.

_____

Erik A. Ahlgren, Trustee,

                Plaintiff,                    Adv. No. 15-05016

vs.

Robert Oscar Westlund,

                Defendant.

### AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT

Erik A. Ahlgren, being first duly sworn on oath, deposes and states as follows:

1. I am the plaintiff herein and the duly appointed chapter 7 trustee in the bankruptcy estate of Geraldine Ann Westlund (the "Debtor"). I am an attorney duly licensed and admitted to practice in the State of Minnesota and in this Court.

### DEFAULT

2. On November 9, 2015, I filed the adversary complaint in the above referenced matter (DE#1) and the adversary summons was issued on November 10, 2015 (DE #3).

3. On November 10, 2015, I caused the adversary summons and complaint to be served upon the Defendant by postage prepaid U.S. Mail addressed to 12477 Northgate Lane, Crosslake, MN 56442 (DE #4). The mailing has not been returned to my office.

4. The Defendant has filed no answer or other response to the complaint denying liability. Any answer or response would now be untimely under Bankruptcy Rule 7012.

### IDENTIFICATION OF THE PARTIES

5. To the best of my knowledge, information and belief, the full name and address of the Defendant is:

> Robert Oscar Westlund
> 12477 Northgate Lane
> Crosslake, MN 56442

6. To the best of my knowledge, information and belief, the Defendant is not a (a) subject to the protection of the Servicemembers Civil Relief Act, 50 U.S.C. §501, et seq., (b) a minor under eighteen (18) years of age, or (c) an incompetent persons or otherwise subject to the protection of a guardian, conservator or other like fiduciary.

### MERITS OF CLAIM

7. The facts stated herein are based upon my personal knowledge and a review of the files, records and pleadings in this case.

8. Prior to filing bankruptcy, on May 1, 2014, the Debtor sold a house located at 2452 Churchill Street, Roseville, MN 55113 (the "Roseville Property") for $160,000.00. The Debtor was the sole titled owner on the Roseville Property and, on information and belief, there was no mortgage or other liens on the Roseville Property at the time of the sale.

9. On May 2, 2014, $136,015.38 was deposited in Lakes State Bank Account #xxx110, an account held jointly in the name of the Debtor and her husband, Robert Westlund. On information and belief, the $136,015.38 was derived from the sale of the Roseville Property.

10. On May 6, 2014, $70,000.00 was transferred from Lakes State Bank Account #xxx110 into a newly created Lakes State Bank Account #xxx285, which was also jointly held in

the name of the Debtor and her husband, Robert Westlund. On information and belief, the $70,000 was intended to, and did in fact, transfer funds from the sale of the Roseville Property into the new account.

11. On October 21, 2014, the Debtor was removed as an owner of Lakes State Bank Account No. #xxx285. At the time that the Debtor was removed as an owner, Lakes State Bank Account No. #xxx285 had $49,621.91 on deposit. On information and belief, virtually all of the $49,621.91 on deposit on the date of transfer was owned by the Debtor.

12. On January 21, 2015, $1,367 was transferred from Lakes State Bank Account No. #xxx110, which was jointly held by the Debtor and her husband, into Lakes State Bank Account No. #xxx036, which was held solely by her husband.

13. The Debtor made the following transfers (the "Transfers") to the Defendant within one year of the bankruptcy filing date:

    a. the October 21, 2014 transfer of the Debtor's interest in Lakes State Bank Account #xxx285, consisting of $49,621.91 on the date of transfer, and

    b. the January 21, 2015, $1,367 transferred from Lakes State Bank Account No. #xxx110, which was jointly held by the Debtor and Defendant into Lakes State Bank Account No. #xxx036, which was held solely by the Defendant.

14. The Transfers transferred an interest in property owned by the Debtor.

15. The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

16. Debtor was either insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

17. The Defendant received a total of $50,988.91 as the initial transferee of the Transfers.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Erik A. Ahlgren

Subscribed and sworn before me December 14, 2015

_____
Notary Public
Otter Tail County, Minnesota

LISA M. TUEL-AHLGREN
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Geraldine Ann Westlund,          Chapter 7
         BKY 15-50046

         Debtor.

---

Erik A. Ahlgren, Trustee,

         Plaintiff,          Adv. No. 15-05016

vs.

Robert Oscar Westlund,

         Defendant.

**MEMORANDUM IN SUPPORT OF DEFAULT JUDGMENT**

This memorandum is submitted in support of the Trustee's motion for default judgment.

**FACTS**

The complaint commencing this action was filed on November 9, 2015. *Affidavit of Erik A. Ahlgren ("Aff."), para. 2*. The complaint seeks recovery of fraudulent conveyances made by the Debtor to the Defendant under 11 U.S.C. §548.

Robert Oscar Westlund (the "Defendant") was served with the adversary summons and complaint on November 10, 2015. *Aff., para. 3*. Although in excess of 30 days have passed since service was effected, the Defendant has failed to answer the complaint or file any responsive pleading. Because no answer or other response to the complaint has been served, entry of a default judgment against the Defendant is now timely.

Additional background facts supporting the underlying basis for denial of the Defendant's discharge are set forth in the Trustee's Motion for Default Judgment and the Affidavit of Erik A. Ahlgren, the trustee in the above referenced matter.

### ARGUMENT

In the present case, the Defendant has been properly served with the summons and complaint. Pursuant to the terms of the summons, the Defendant had 30 days in which to serve an answer or otherwise respond. Because more than 30 days have now passed, any answer or response would now be untimely under Bankruptcy Rule 7012, and the court is permitted to enter judgment by default under Bankruptcy Rule 7055.

Where a party fails to answer, the allegations of the complaint are deemed admitted. *In re JRA 222, Inc.,* 365 B.R. 508 (Bankr. E.D. Pa. 2007). Here, the complaint alleges, and based on the Defendant's failure to answer, the Defendant is deemed to admit that the Debtor made the following transfers (the "Transfers") to the Defendant within one year of the bankruptcy filing date:

    a. the October 21, 2014 transfer of the Debtor's interest in Lakes State Bank Account #xxx285, consisting of $49,621.91 on the date of transfer, and

    b. the January 21, 2015, $1,367 transferred from Lakes State Bank Account No. #xxx110, which was jointly held by the Debtor and Defendant into Lakes State Bank Account No. #xxx036, which was held solely by the Defendant.

The complaint further alleges, and the Defendant is deemed to admit, that (i) the Transfers transferred an interest in property owned by the Debtor, (ii) the Debtor received less than a reasonably equivalent value in exchange for the Transfers, and (iii) the Debtor was either

insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

In total, the Defendant received $50,988.91 as the initial transferee of the Transfers. Because the amount of the judgment may be determined based on the information contained in the affidavit, judgment may be granted without further hearing under Bankruptcy Rule 7055.

## CONCLUSION

More than 30 days have now passed since the date the summons was issued and served and the Deefendant has filed no answer or other response to the Trustee's complaint.  Any answer or response to the complaint would now be untimely under Bankruptcy Rule 7012. Accordingly, the court should now find the Defendant in default and grant judgment ordering Defendant to pay the Trustee $50,988.91 under 11 U.S.C. §548.


Dated: December 14, 2015                    Signed:  /e/ Erik A. Ahlgren
                                            Erik A. Ahlgren (Attorney #191814)
                                            Ahlgren Law Office, PLLC
                                            220 W. Washington Av, Suite 105
                                            Fergus Falls, MN 56537
                                            218-998-2775

                                            Attorney for the Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Geraldine Ann Westlund,  Chapter 7
  BKY 15-500546

  Debtor.

_____

Erik A. Ahlgren, Trustee,  Adv. No. 15-05016

  Plaintiff,  **JUDGMENT**

vs.

Robert Oscar Westlund,

  Defendant.

## ORDER

This matter came before the court on trustee's motion for default judgment. Based upon the files, records, pleadings and affidavits,

IT IS ORDERED AND ADJUDGED:

Robert Oscar Westlund shall pay to Erik A. Ahlgren, as trustee of the bankruptcy estate, $50,988.91.

Dated:  _____
  Gregory F. Kishel
  Chief United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Geraldine Ann Westlund,   Chapter 7
                          BKY 15-50046

        Debtor.

---

Erik A. Ahlgren, Trustee

        Plaintiff,   Adv. No. 15-05016

vs.

Robert Oscar Westlund

        Defendant.

### UNSWORN AFFIDAVIT OF SERVICE

    I, Lisa Ahlgren, declare under penalty of perjury that on December 14, 2015, I mailed a copy of the Motion for Default Judgment, Affidavit in Support of Default Judgment and the Proposed Order along with any and all exhibits thereto by first class mail, postage prepaid to each entity below at the address stated:

    Robert Oscar Westlund
    12477 Northgate Lane
    Crosslake, MN 56442

I declare, under penalty of perjury, that the foregoing is true and correct.

December 14, 2015                                     /e/ Lisa Ahlgren
                                                                            Lisa Ahlgren