UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

*************************************************************************************************

In re:

GERALDINE FRANCES ANN WESTLUND,                    ORDER FOR JUDGMENT

       Debtor.

***************************************************

ERIK A. AHLGREN, TRUSTEE,

       Plaintiff,                                                                  BKY 15-50046

v.                                                                                                    ADV 15-5016

ROBERT OSCAR WESTLUND,

       Defendant.

*************************************************************************************************

At Duluth, Minnesota
January 8, 2016.

       This is a trustee's adversary proceeding for recovery of funds alleged to have been fraudulently transferred. The Plaintiff filed proof of service of the summons and complaint. No answer was filed.

       The Plaintiff filed a motion for default judgment, setting it for a hearing to convene on January 6, 2016. The Defendant did not file a response to the motion and did not appear at the place set for the hearing. Due to a congested schedule for that day's calendar, the Plaintiff was excused from formally appearing.

       The Plaintiff presented a record that sets out facts on the merits pursuant to Loc. R. Bankr. P. (D. Minn.) 7055-1. The Defendant has not denied that the Plaintiff could prove up a prima facie case for the relief in avoidance that he seeks. For the present motion, the Plaintiff relies on 11 U.S.C. § 548(a) as his sole authority for avoidance. Under the unrebutted record, grant of judgment is appropriate under that statute. It will be assumed that the Plaintiff has abandoned his

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *01/08/2016*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

alternate theory for avoidance under Minnesota state law, through the empowerment of 11 U.S.C. § 544(b).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that, in consequence of the avoidance of the two transfers of funds on October 21, 2014 and January 21, 2015 that the Plaintiff has identified, the Plaintiff shall recover from the Defendant the sum of $50,988.91 pursuant to 11 U.S.C. § 550, plus such costs and disbursements as may hereafter be taxed under applicable statute and rule.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

*/e/ Gregory F. Kishel*

_____
GREGORY F. KISHEL
CHIEF UNITED STATES BANKRUPTCY JUDGE